**CENTENNIAL SAVINGS BANK FSB, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 3–86–1396–H.**

United States District Court,
N.D. Texas,
Dallas Division.

June 30, 1987.
On Motion for Reconsideration
Aug. 4, 1987.

Edward Koppman and Kathleen St. John, Akin Gump Strauss Hauer & Feld, Dallas, Tex., for plaintiff.

Walter B. Thurmond, Grover Hartt, III, Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendant.

**MEMORANDUM OPINION
AND ORDER**

SANDERS, Acting Chief Judge.

Before the Court are Plaintiff's Motion for Summary Judgment, filed May 8, 1987, and Defendant's Memorandum in Opposition, filed May 28, 1987, together with supporting materials filed by the parties. Plaintiff brought this suit seeking a refund of federal income taxes and interest. In its motion Plaintiff contends that Defendant's assessment of the taxes and interest was barred by the statute of limitations. The Court concludes that Plaintiff's Motion should be DENIED.

The following facts are undisputed. On Plaintiff's tax return for taxable year 1981, Plaintiff reported a net operating loss that Plaintiff carried back to taxable years 1969, 1970, and 1972 through 1980. The carryback resulted in an overpayment of taxes for those years. Plaintiff filed claims for "tentative" refunds for those years using a form that permits a taxpayer quickly to obtain a refund of taxes for a previous year after incurring a net operating loss. Defendant disbursed the claimed refunds to Plaintiff. Subsequently, the Internal Revenue Service examined Plaintiff's tax return for 1981, and by letter dated September 14, 1983 informed Plaintiff of its conclusion that Plaintiff was not entitled to the refunds.

On December 6, 1984, Plaintiff executed a Form 872 entitled "Consent to Extend the Time to Assess Tax." By this form Plaintiff agreed that "The Amount of any Federal Income Tax due on any return(s) made by or for [Plaintiff] for the *period*(s) ended December 31, 1981, may be assessed at any time on or before December 31, 1985" (emphasis added). On June 12, 1985 the Service issued a notice of deficiency in which the Service disallowed the net operating loss claimed by Plaintiff for 1981 and stated its intention to recover the tentative refunds paid for the carryback years. De-

fendant issued a formal assessment on November 5, 1985, and Plaintiff repaid the refunds.

In Plaintiff's Motion it argues that the assessment was barred by the statute of limitations because the assessment was for amounts attributable to the carryback years, 1969, 1970, and 1972 through 1980, but the consent form executed by Plaintiff concerned only tax due for 1981. The Court disagrees.

Section 6501(a) of the Internal Revenue Code sets forth the general rule of a three-year limitations' period for assessments of tax deficiencies. Section 6501(h) states one of several exceptions. That section provides that in the case of a deficiency attributable to the application of a net operating loss carryback, the deficiency "may be assessed at any time before the expiration of the *period* within which a deficiency for the taxable year of the net operating loss ... which results in such carryback may be assessed...." (emphasis added).

In the present case, the assessment against Plaintiff was for deficiencies attributable to the application of a net operating loss carryback. The taxable year of the net operating loss was 1981. Plaintiff consented to the extension of the statute of limitations for taxable year 1981 until December 31, 1985. The plain meaning of section 6501(h) as applied to the present case is that the deficiencies for the carryback years could be assessed until December 31, 1985.

This interpretation of section 6501(h) is reasonable in light of the Internal Revenue Code as a whole and the purposes behind it; Plaintiff's arguments against this interpretation appear by the same light specious or nonsensical. Accordingly, the Court concludes that Defendant's assessment against Plaintiff was not barred, and Plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Before the Court are Plaintiff's Motion for Reconsideration, filed July 14, 1987, and Defendant's Response, filed July 21, 1987, together with related materials filed by Plaintiff. After careful consideration of the arguments and authorities urged by Plaintiff, the Court remains of the opinion that its original decision as expressed in its order filed June 30, 1987 is correct. Plaintiff's Motion is accordingly DENIED.

SO ORDERED.